MOTORISTS MUTUAL INSURANCE COMPANY *v.* HOWARD

HOWARD *v.* DREW

1. AUTOMOBILES — NEGLIGENCE — WITNESSES — EXPERT TESTIMONY —POINT OF IMPACT.

   A police officer may render an opinion as an expert concerning the point of impact of automobiles based upon debris found and skid marks, where he was sufficiently experienced to qualify as an expert.

2. APPEAL AND ERROR—FINDING OF FACT.

   The Court of Appeals does not set aside findings of fact unless they are clearly erroneous (GCR 1963, 517.1).

Appeal from Genesee, Elza H. Papp, J. Submitted Division 2 December 3, 1969, at Lansing. (Docket Nos. 6,445, 6,446.) Decided January 27, 1970.

Complaint by Motorists Mutual Insurance Company as subrogee of Thomas J. Drew against Rudy Michael Howard to recover damages resulting from an automobile accident. Complaint by Rudy Michael Howard against Thomas J. Drew for damages resulting from the same automobile accident. Judgment for plaintiff insurance company and for defendant Drew. Howard appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 8 Am Jur 2d, Automobiles and Highway Traffic § 989.
  Admissibility of opinion evidence as to point of impact or collision in motor vehicle accident case. 66 ALR 2d 1048.
[2] 5 Am Jur 2d, Appeal and Error §§ 823, 839.

*Bellairs, Dean & Cooley,* for plaintiff Motorists Mutual and defendant Drew.

*Ralph B. Hoschner,* for defendant Howard.

Before: FITZGERALD, P. J., and BRONSON and T. M. BURNS, JJ.

PER CURIAM.   Plaintiff Motorists Mutual Insurance Company was defendant Drew's insurer, and began its action against Howard as his subrogee to recover money paid to him as result of damages sustained in the accident.   Rudy Howard brought his action against Drew in response to Mutual's action. These are two separate cases which were tried together in circuit court.   They involve a two-car, rear-end collision.   The accident occurred at about 7:30 a.m. on M–21 east on the Morrish Road intersection in Genesee County, when Howard drove his car into the rear of Drew's car.   Morrish Road is a two-lane, paved road, with a stop sign at M–21. M–21 is a four-lane, through highway, with a median strip between the two sets of lanes.   Howard contends that Drew was guilty of contributory negligence in that Drew did not make proper observation before entering the intersection; that the defendant turned wide into his lane, from which he could not pass because of snow piled up in the median; and that the impact took place less than 50 feet from the intersection.   Drew contends that he stopped at the intersection, that he had his turn indicator on, that the weather was snowy or squally, that he looked to his left and did not see any traffic, and that he made a right turn into the outside lane of M–21 and travelled slowly for 250 to 300 feet when the collision occurred.   The investigating police officer testified that the only debris from the impact was in

the outside lane of M–21 and was approximately 300 feet from the intersection. The trial court sitting without a jury found for Drew and Mutual; Howard appeals.

Howard contends that because Drew did not see his car approaching, his conduct was the sole cause of the accident. Drew claims this is a simple rearend collision, making Howard guilty of negligence as a matter of law.[1]

Howard testified that the impact occurred about 50 feet from the intersection, in the inside lane. Drew testified that the vehicles collided 250 to 300 feet from the intersection, in the outside lane. This version is completely corroborated by the investigation of the police officer.

Whatever may be the law elsewhere, it is clearly established in Michigan that an expert may render an opinion concerning the point of impact based merely upon *debris* found and skid marks. *Dudek* v. *Popp* (1964), 373 Mich 300; *Woolner* v. *Ponicki* (1966), 3 Mich App 590; *LaFave* v. *Kroger Co.* (1966), 5 Mich App 446; *Brummitt* v. *Chaney* (1969), 18 Mich App 59. The police officer in this case was sufficiently experienced to qualify as an expert and there was no abuse of discretion in allowing his testimony and conclusions into evidence.

The trial court, after listening to the witnesses and weighing the evidence, sitting as the trier of fact found that the collision took place in the outside lane and 250 to 300 feet past the intersection. The court

---

1 MCLA § 257.402 (Stat Ann 1968 Rev § 9.2102):

"[W]hen it is shown by competent evidence that a vehicle travelling in the same direction, overtook and struck the rear end of another vehicle * * * the driver * * * of such first mentioned vehicle shall be deemed prima facie guilty of negligence."

MCLA § 257.627 (Stat Ann 1968 Rev § 9.2327):

"[A]nd no person shall drive any vehicle upon a highway at a speed greater than will permit him to bring it to a stop within the assured, clear distance ahead."

further found that the wind was blowing snow across the road, making it difficult to see, and Drew was therefore not guilty of contributory negligence in failing to see Howard approaching. The trial judge concluded that the pavement must have been wet, slippery or icy, thus imposing a greater burden upon Howard to use due care in accordance with statutory provisions. MCLA §§ 257.402, 257.627 (Stat Ann 1968 Rev §§ 9.2102, 9.2327).

The court determined that Howard had violated these sections of the Michigan Vehicle Code and made the following decision:

"[A]nd had Mr. Howard had his car under control or driving within a speed capable of avoiding the—hitting the car or cars in front of him—.
*   *   *

"I think there was negligence on the part of the defendant (Howard) and I find no negligence on the part of the—of Mr. Drew."

There is ample and credible evidence to support both the findings of fact and the application of the law in this case. We do not set aside findings of fact unless they are clearly erroneous. (GCR 1963, 517.1).

Judgment affirmed. Costs to appellees.