SHARPE v DETROIT AUTOMOBILE INTER-INSURANCE
EXCHANGE

Docket No. 65211. Submitted March 1, 1983, at Detroit.—Decided
April 29, 1983.

Valerie Sharpe, who was insured under an insurance policy
issued by the Detroit Automobile Inter-Insurance Exchange,
was killed in an automobile accident. Harold Sharpe, her
father, individually, and as administrator of the estate of
Valerie Sharpe, deceased, brought suit in Wayne Circuit Court
against DAIIE, alleging that DAIIE had wrongfully reduced the
amount of survivors' loss benefits by deducting the decedent's
personal consumption factor. The defendant subsequently ad-
mitted that it was liable to the plaintiff for the withheld
survivors' loss benefits, but maintained that it was not responsi-
ble for paying interest on the withheld amount. The court,
Charles Kaufman, J., granted summary judgment for the plain-
tiff on the overdue amount and interest thereon. The defendant
appealed the holding on the interest claim. *Held:*

The defendant withheld the survivors' loss benefits in reli-
ance on the decision of the Court of Appeals in *Miller v State
Farm Mutual Automobile Ins Co,* 88 Mich App 175; 276 NW2d
873 (1979), which held that survivors' loss benefits should be
reduced by the amount of expenses saved by the decedent's
death. The Michigan Supreme Court reversed that decision in
*Miller v State Farm Mutual Automobile Ins Co,* 410 Mich 538;
302 NW2d 537 (1981). Inasmuch as the intent of the interest
provision for overdue payments is not to compensate the in-
sured but rather to penalize an insurance company that is
dilatory in paying a claim, the defendant's justifiable withhold-
ing of a portion of the plaintiff's benefits should not subject it to

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Automobile Insurance § 363.
  Entitlement of child, spouse, parent, or other person to survivor's
  loss benefit under no-fault insurance acts. 12 ALR4th 975.
  Validity and construction of "no-fault" automobile insurance plans.
  4 ALR3d 229.
[2, 3] 7 Am Jur 2d, Automobile Insurance § 357.
  73 Am Jur 2d, Statutes §§ 145, 146.

an interest penalty until 30 days after the decision of the Supreme Court in *Miller, supra.*

Reversed and remanded with instruction.

1. INSURANCE — NO-FAULT INSURANCE — SURVIVORS' BENEFITS — PERSONAL CONSUMPTION FACTOR.

Calculation, in every case of a claim of survivors' benefits under the no-fault insurance act, of a "consumption factor" attributable to the decedent's personal expenses would be inconsistent with the declared legislative purpose of expeditious settlement of survivors' claims without complex factual controversy; if the expenses of a family which are attributable to the decedent can be calculated at all, such a factual determination would involve interminable controversy and disproportionate expense, and the amount of such a reduction of benefits is likely to be small in most cases (MCL 500.3108; MSA 24.13108).

2. INSURANCE — NO-FAULT INSURANCE — INTEREST.

The 12% interest provision in the no-fault automobile insurance act imposed upon an insurance company for delayed payments of personal protection insurance benefits is intended to penalize the recalcitrant insurer rather than compensate the claimant (MCL 500.3142; MSA 24.13142).

3. INSURANCE — NO-FAULT INSURANCE — INTEREST.

A defendant insurance company should not be subject to the 12% interest penalty under the no-fault automobile insurance act for its good faith withholding of a portion of a plaintiff's benefits pending a decision by the Michigan Supreme Court regarding that issue, inasmuch as the intent of the interest provision for overdue payments is not to compensate the insured but rather to penalize an insurance company that is dilatory in paying a claim (MCL 500.3142; MSA 24.13142).

*Marston, Sachs, Nunn, Kates, Kadushin & O'Hare, P.C.* (by *David K. Barnes, Jr.),* for plaintiff.

*Thomas A. Brandt,* for defendant.

Before: BEASLEY, P.J., and V. J. BRENNAN and WAHLS, JJ.

PER CURIAM. On April 16, 1977, Valerie Sharpe, who was insured under an insurance policy issued

by defendant, Detroit Automobile Inter-Insurance Exchange (DAIIE), was killed in an automobile accident. On May 23, 1978, plaintiff, Harold Sharpe, administrator of decedent's estate, filed an action in the Wayne County Circuit Court alleging, among other things, that defendant had wrongfully reduced the amount of survivors' loss benefits, awardable pursuant to MCL 500.3108; MSA 24.13108, by deducting the decedent's personal consumption factor, which is defined as the personal expenses of the decedent that are avoided by his death.

Upon the release of the Supreme Court decision in *Miller v State Farm Mutual Automobile Ins Co,*[1] defendant conceded that it was liable to plaintiff for the withheld survivors' loss benefits. However, it maintained that the statute which prescribed simple interest at the rate of 12% per annum for overdue payments did not apply to the withheld sum. On June 3, 1982, the trial court granted summary judgment for plaintiff on the overdue amount and interest thereon. Defendant appeals as of right only from the holding on the interest claim.

The sole issue on appeal concerns whether defendant is obligated to pay interest on the overdue survivors' loss benefits, as prescribed by MCL 500.3142; MSA 24.13142, where it withheld the amount in reliance on the Court of Appeals decision in *Miller v State Farm Mutual Automobile Ins Co.*[2]

MCL 500.3142; MSA 24.13142 provides:

"Sec. 3142. (1) Personal protection insurance benefits are payable as loss accrues.

---

[1] 410 Mich 538; 302 NW2d 537 (1981) (decided March 10, 1981), *reh den* 411 Mich 1154 (1981) (decided May 21, 1981).

[2] 88 Mich App 175; 276 NW2d 873 (1979).

"(2) Personal protection insurance benefits are overdue if not paid within 30 days after an insurer receives reasonable proof of the fact and of the amount of loss sustained. If reasonable proof is not supplied as to the entire claim, the amount supported by reasonable proof is overdue if not paid within 30 days after the proof is received by the insurer. Any part of the remainder of the claim that is later supported by reasonable proof is overdue if not paid within 30 days after the proof is received by the insurer. For the purpose of calculating the extent to which benefits are overdue, payment shall be treated as made on the date a draft or other valid instrument was placed in the United States mail in a properly addressed, postpaid envelope, or, if not so posted, on the date of delivery.

"(3) An overdue payment bears simple interest at the rate of 12% per annum."

On the basis that plaintiff made a timely demand for survivors' loss benefits, the trial court awarded interest beginning 30 days from the time the overdue amount became due. On appeal, defendant takes a position identical with that taken in the trial court, contending that, notwithstanding plaintiff's timely submission of proofs concerning the claim, the amount withheld for the decedent's "personal consumption factor" was not overdue until *Miller, supra,* was decided by the Supreme Court.

This Court in *Miller* expressly held that the survivors' loss benefits awardable under the insured's policy to his survivors should be reduced by the amount of expenses saved by the decedent's death.[3] In reversing this decision, the Supreme Court held that survivors' loss benefits should be calculated without an adjustment for the decedent's "personal consumption factor":[4]

---

[3] *Id.,* pp 179-182.
[4] 410 Mich 538, *supra,* pp 568-569.

"Calculation, in every case, of a 'consumption factor' attributable to the decedent's personal expenses would be inconsistent with the declared legislative purposes of expeditious settlement of survivors' claims without complex factual controversy.

\* \* \*

"In view of the no-fault act's goal of expeditious reparation of motor vehicle accident injuries, and minimization of potential factual disputes, we conclude that the Legislature's explicit rejection of the language in the House substitute bill concerning the reduction of survivors' loss benefits by the decedent's 'personal consumption factor' evidences an intent that survivors' loss benefits not be so adjusted. The amount of such a personal consumption factor is likely to be small in most cases, and the administrative delays and factual controversies that might be engendered by such a calculation would unjustifiably interfere with the above-discussed goals of the act.

"We hold that the legislative history of § 3108, and consideration of the goals of the no-fault act as a whole, lead to the conclusion that the Legislature did not intend that the calculation of § 3108 benefits should include adjustment for the deceased's 'personal consumption factor'."

Under MCL 500.3142; MSA 24.13142, an insured or his survivors are entitled to 12% annual interest on personal protection insurance benefits if the benefits are not paid within 30 days after the insurer receives reasonable proof of the fact of the loss and the amount of the loss sustained.

In *Wood v DAIIE*,[5] we described the purpose of the 12% interest provision imposed upon an insurance company for delayed payments of personal protection insurance benefits:

"The 12 percent interest provision is intended to

---

[5] 99 Mich App 701, 709; 299 NW2d 370 (1980), *modified on other grounds* 413 Mich 573; 321 NW2d 653 (1982).

*penalize* the recalcitrant insurer rather than compensate the claimant. See *O J Enterprises, Inc v Ins Co of North America,* 96 Mich App 271; 292 NW2d 207 (1980) (similar purpose intended under the Insurance Code, MCL 500.2006; MSA 14.12006)."

In the within matter, defendant, in reliance on our appellate decision in *Miller, supra,* withheld the amount of decedent's wages which would have been exhausted by her personally. While a literal reading of the statute which provides for interest on overdue personal protection insurance benefits would require interest to be paid where benefits were not paid within 30 days after plaintiff's timely application for no-fault benefits, we believe that, under the circumstances of this case, defendant should not be held liable for interest on the overdue amount of benefits until April 9, 1981, 30 days after the Supreme Court issued its opinion in *Miller, supra.*

We note that the special interest statute provides that "if reasonable proof is not supplied *as to the entire claim,* the amount supported by reasonable proof is overdue if not paid within 30 days after the proof is received by the insurer". Until the Supreme Court decision in *Miller,* plaintiff had not submitted proof of his right to the withheld sum of benefits, since the Court of Appeals had enunciated that the "personal consumption factor" was to be subtracted from the survivors' benefits.

A discussion of statutes which impose liability upon insurers for delay or bad faith in paying claims is contained in the following passage:

"In some jurisdictions, statutes have been enacted making insurance companies liable for damages and attorneys' fees in case of a failure or delay in bad faith in paying a claim, or for a failure to pay claims against

them within a specified period after they have accrued. While there have been some cases to the contrary, consisting chiefly of a few earlier cases which have been overruled, such statutes are generally valid and enforceable, and are held not to deny the insurance companies of due process of law or the equal protection of the laws, even though there is not a like imposition of damages and fees upon unsuccessful claimants on insurance contracts. Such statutes have been held valid even as applied to contracts made before the enactment of the statute, and the various statutes in the particular jurisdictions have been held to apply to various kinds of insurance companies and contracts. *It is held, however, that statutes imposing such liability upon insurers are to be strictly construed,* since the statutory provisions are considered to be penal in nature and in derogation of the common law. It is also held that a demand for payment of the loss is a prerequisite to a recovery of the statutory penalties and attorneys' fees, unless such demand is waived by the insurer." (Footnotes omitted; emphasis added.)[6]

Inasmuch as the intent of the interest provision for overdue payments is not to compensate the insured, but rather to penalize an insurance company that is dilatory in paying a claim,[7] we conclude that defendant's justifiable withholding of a portion of plaintiff's benefits should not subject it to an interest penalty.

Accordingly, we reverse and remand this matter to the trial court for the entry of an order providing for interest, pursuant to MCL 500.3142; MSA 24.13142, to accrue from April 9, 1981.[8]

Reversed and remanded.

---

[6] 44 Am Jur 2d, Insurance, § 1772, pp 758-759.

[7] See generally, 44 Am Jur 2d, Insurance, § 1772, pp 760-761; *Fletcher v Aetna Casualty & Surety Co,* 80 Mich App 439, 445; 264 NW2d 19 (1978), *aff'd* 409 Mich 1; 294 NW2d 141 (1980); *Wood v DAIIE, supra.*

[8] Our holding, of course, does not affect plaintiff's right to interest on the judgment under other statutes.