## BACH v STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

Docket No. 74083. Submitted July 18, 1984, at Detroit.—Decided September 4, 1984. Leave to appeal applied for.

Katherine Zwitzer suffered severe injuries when she was struck by an automobile while crossing a street. She later died from the injuries. Michael Bach, administrator of the estate of Katherine Zwitzer, deceased, filed a complaint against State Farm Mutual Automobile Insurance Company, which carried no-fault policies on both Zwitzer's son, whom she was visiting at the time of the accident, and her son-in-law, with whom she resided in Florida, and Economy Fire & Casualty Company, which insured the driver of the auto which struck Zwitzer, in Wayne Circuit Court. Both insurers had denied coverage, arguing that the no-fault benefits due Zwitzer's estate were owed by the other. The court, Richard C. Kaufman, J., granted summary judgment in favor of Economy on the basis of an earlier Court of Appeals decision. State Farm appealed. Prior to a decision by the Court of Appeals, the Supreme Court reversed the Court of Appeals decision in the earlier case. The Court of Appeals thereafter remanded the instant matter to the trial court for entry of an order directing that Economy pay the appropriate benefits due the estate. On remand, the trial court entered the order as instructed, finding that Economy owed $26,473.28 in no-fault benefits, plus interest. In addition, the court ordered that Economy pay $16,464 in penalty interest, as provided by the no-fault act, and $13,096 in attorney fees for the plaintiff. Economy appeals the award of penalty interest and attorney fees. Held:

1. Economy's contention that it should not be punished by the imposition of penalty interest because it was relying on existing law at the time it denied coverage is rejected. Under the statute regarding penalty interest, it is irrelevant whether

References for Points in Headnotes
[1] 7 Am Jur 2d, Automobile Insurance §§ 344, 357.
Automobile insurer's liability for statutory excess interest for delayed payment of no-fault claim. 14 ALR4th 761.
[2] 7 Am Jur 2d, Automobile Insurance § 345.

denial is in good faith. If there is a failure to pay benefits and it is later determined benefits are due, penalty interest must be assessed.

2. The trial court's finding that it was unreasonable for Economy to refuse to pay the benefits pending a determination of which insurer was liable is not clearly erroneous and will not be overturned.

3. The trial court did not err in ordering Economy to pay plaintiff's attorney fees.

Affirmed.

1. INSURANCE — NO-FAULT INSURANCE — PENALTY INTEREST.

Penalty interest must be assessed against a no-fault insurer who refuses to pay benefits and later is determined to be liable for payment of those benefits, even where the denial of coverage was based on then-existing law and was made in good faith (MCL 500.3142; MSA 24.13142).

2. INSURANCE — NO-FAULT INSURANCE — ATTORNEY FEES — UNREASONABLE DELAY IN PAYMENT OF BENEFITS — APPEAL.

A trial court's finding that a no-fault insurer must pay an insured's attorney fees because it unreasonably delayed paying no-fault benefits will be reversed only if the finding of unreasonableness is clearly erroneous.

*Franklin, Petrulis, Bigler, Berry & Johnson, P.C.* (by *Irene A. Bruce),* for plaintiff.

*Seavitt, Westcott & Stowe* (by *Michael J. Yockey),* for defendant.

Before: V. J. BRENNAN, P.J., and ALLEN and GRIBBS, JJ.

ALLEN, J. Defendant Economy Fire & Casualty Company appeals as of right from the trial court's award to plaintiff of 12% penalty interest under MCL 500.3142; MSA 24.13142 and "overdue" attorney fees under MCL 500.3148(1); MSA 24.13148(1). We affirm.

On July 3, 1978, Katherine Zwitzer was struck by an automobile while she was crossing the street

in Benton Harbor, Michigan. She suffered severe injuries, from which she died some time later. At the time of her injury, Ms. Zwitzer was a Florida resident whose residency was established through a prolonged stay with her son-in-law who lived in Florida. However, Ms. Zwitzer had recently returned to Michigan to visit her son in Benton Harbor.

Defendant Economy insured the driver of the automobile which struck Ms. Zwitzer. Defendant State Farm Mutual Automobile Insurance Company carried the policies insuring the son-in-law with whom Ms. Zwitzer resided in Florida and insuring the son she was visiting in Benton Harbor. Both insurers denied coverage, although neither denied that no-fault benefits were due. Instead, both argued that the benefits due were owed by the other.

As a result, plaintiff filed a complaint against both insurers and in April, 1980, State Farm was dismissed on motions for summary judgment filed by State Farm and plaintiff. Subsequently, this Court decided *Mills v Auto-Owners Ins Co,* 102 Mich App 105; 300 NW2d 757 (1980), and on the basis of that opinion State Farm was brought back into the case. On July 24, 1981, summary judgment was granted in favor of Economy. State Farm filed a claim of appeal and the matter was briefed and argued in the Court of Appeals. On June 28, 1982, the Supreme Court reversed the Court of Appeals decision in *Mills v Auto-Owners Ins Co,* 413 Mich 567; 321 NW2d 651 (1982). On September 17, 1982, on the authority of the Supreme Court's decision in *Mills,* this Court remanded the matter to the trial court for entry of an order "directing the payment of appropriate no-fault benefits by Economy".

Following remand, further proceedings were held in April, 1983, and, on August 11, 1983, the trial court entered an order of summary judgment directing Economy to pay $26,473.28 in no-fault benefits, plus interest. In addition the trial court ordered:

"It is further ordered that defendant Economy Fire & Casualty Company shall pay to the plaintiff no-fault interest running from January 16, 1979, through June 1, 1983, in the amount of sixteen thousand four hundred sixty-four ($16,464.00) dollars;

"It is further ordered that defendant Economy Fire & Casualty Company shall pay reasonable attorney fees for the plaintiff."

A hearing was held on August 19, 1983, regarding the amount of the attorney fees. Pursuant to that hearing, on September 9, 1983, the court entered an order for determination of attorney fees providing for a total of $13,096.

Economy appeals the award of penalty interest pursuant to the no-fault act and the award of attorney fees.

On Appeal Economy argues that this Court's decision in *Sharpe v DAIIE,* 126 Mich App 144; 337 NW2d 12 (1983), lays down the rule that no-fault penalty interest cannot be imposed upon a no-fault insurer who relies upon then-existing law, and since, at the time Economy declined to pay, this Court's opinion in *Mills v Auto-Owners, supra,* was the law, Economy should not be liable for punitive interest or punitive attorney fees as having "unreasonably refused to pay the claim". In short, Economy contends that it should not be punished because the Supreme Court subsequently reversed the then-existing law.

Plaintiff argues that *Sharpe* is distinguishable

and that the more apposite case is *Nash v DAIIE,*
120 Mich App 568; 327 NW2d 521 (1982), *lv den*
417 Mich 1088 (1983), which holds that it is irrele-
vant, under the statute regarding penalty interest,
whether denial is in good faith. If there is a failure
to pay benefits and it is later determined benefits
are due, penalty interest must be assessed. As to
attorney fees, a trial court's finding of unreason-
ableness will be reversed only if the finding is
clearly erroneous, and, since the only dispute in
the instant case was which of two insurers would
pay, it was patently unfair to force a severely
injured patient to wait six years for payment of
benefits. Thus, the trial court's finding of unrea-
sonableness was not clearly erroneous.

We agree with plaintiff that, in the instant
situation, the more apposite case is *Nash.* In
*Sharpe,* the then-existing case law suggested that
some reduction in the monies owed could be made
by the insurer. That amount was deducted from
the benefits paid by the carrier in *Sharpe.* But, in
the case before us, it was unquestioned that plain-
tiff's decedent was entitled to all of the benefits.
The only question was which of two insurers was
legally responsible. To make plaintiff wait until
that question was decided would violate the whole
purpose of the statutes governing penalty interest,
MCL 500.3142; MSA 24.13142, and "overdue" at-
torney fees, MCL 500.3148(1); MSA 24.13148(1).

Further, with regard to the attorney fee provi-
sion at issue, we find language in *Liddell v DAIIE,*
102 Mich App 636; 302 NW2d 260 (1981), *lv den*
411 Mich 1079 (1981), controlling:

" 'Sec. 3148. (1) An attorney is entitled to a reason-
able fee for advising and representing a claimant in an
action for personal or property protection insurance
benefits which are overdue. The attorney's fee shall be

a charge against the insurer in addition to the benefits recovered, if the court finds that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment.'

"While the terms 'unreasonably refused' and 'unreasonably delayed' are not further defined, the case law indicates that a delay is not unreasonable where it is the product of a legitimate question of statutory construction, constitutional law, or even a bona fide factual uncertainty. See *Davidson v Johnson,* 76 Mich App 497, 504; 257 NW2d 139 (1977), *on reh* 79 Mich App 660, 666-667; 262 NW2d 887 (1977); *Richards v American Fellowship Mutual Ins Co,* 84 Mich App 629, 635; 270 NW2d 670 (1978); *Lewis v Detroit Automobile Inter-Ins Exchange,* 90 Mich App 251, 257; 282 NW2d 794 (1979).

"The trial court's finding of unreasonableness on the part of the insurance company will be disturbed on appeal only if that finding is clearly erroneous. GCR 1963, 517.1; *Motorists Mutual Ins Co v Howard,* 21 Mich App 146, 149; 175 NW2d 351 (1970)."

Because the facts and circumstances prevailing in the instant case do not abide the possibility that the trial court's decision was "clearly erroneous", we find no error in the trial court's assessment of attorney fees.

Affirmed.