## BLOEMSMA v AUTO CLUB INSURANCE COMPANY

Docket No. 98373. Submitted August 10, 1988, at Grand Rapids. Decided February 7, 1989.

On June 12, 1985, Charles T. Bloemsma, a minor, was injured while riding his uninsured moped when he was struck by an automobile driven by Kenneth Klomparens. Auto-Owners Insurance Company insured the vehicles of Bloemsma's parents. Auto Club Insurance Association insured the Klomparens vehicle. An application was submitted by Bloemsma to Auto Club for personal injury protection benefits on July 23, 1985. Auto Club responded by stating that payments should be made by Auto-Owners. On September 25, 1985, Auto-Owners informed Auto Club that the moped was not covered under the fleet insurance policy covering the Bloemsmas' vehicles. On October 9, 1985, Thomas B. Bloemsma, as next friend of Charles T. Bloemsma, filed suit against Auto Club in Ottawa Circuit Court for no-fault personal injury protection benefits and penalty interest. In early 1986, Auto Club paid $22,342 in hospital and other medical expenses incurred by Charles T. Bloemsma. Included in that amount was $650.75 for penalty interest. At the time of the trial, December 5, 1986, the only personal injury protection benefits left unpaid were an anesthesiologist's bill and replacement services charges for transporting Charles Bloemsma on thirty-three visits to his physical therapist. Auto Club voluntarily paid the anesthesiologist's bills. Following trial, the court, Calvin C. Bosman, J., awarded plaintiff reimbursement for the transportation services, plus penalty interest in the amount of $386.75, and judgment interest in the amount of $51.08. The court found that the delay in payment by Auto Club was reasonable, except for the delay in payment for the transportation services. The court awarded attorney fees to

REFERENCES

Am Jur 2d, Attorneys at Law §§ 277 et seq.; Automobile Insurance §§ 340 et seq.

What constitutes bad faith on part of insurer rendering it liable for statutory penalty imposed for bad faith in failure to pay, or delay in paying, insured's claim. 33 ALR4th 579.

Automobile insurer's liability for statutory excess interest for delayed payment of no-fault claim. 14 ALR4th 761.

plaintiff in the amount of $300. Plaintiff appealed, contending that the trial court abused its discretion in determining that Auto Club's delay in paying the personal injury protection benefits was reasonable.

The Court of Appeals *held:*

1. The trial court erred in finding that Auto Club's delay in making payment to plaintiff was reasonable. A dispute of priority among insurers will not excuse the delay in making timely payments, and it cannot be said that there was a factual uncertainty in this case. On remand, the trial court should award reasonable attorney fees to plaintiff.

2. The trial court erred in calculating Auto Club's liability for penalty interest under the no-fault act. On remand, the court should recalculate the amount of penalty interest Auto Club owes plaintiff.

3. The trial court erred in determining the proper amount of judgment interest to be awarded. On remand the court should redetermine the proper amount of judgment interest to be awarded.

Reversed and remanded.

1. INSURANCE — NO-FAULT — ATTORNEY FEES — DELAY IN PAYMENT OF CLAIMS.

An attorney is entitled under the no-fault insurance act to a reasonable fee for advising and representing a claimant in an action for personal or property protection insurance benefits which are overdue where a court finds that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment; personal injury protection benefits are overdue if not paid within thirty days after an insurer receives reasonable proof of the fact and of the amount of the loss sustained (MCL 500.3142[2], 500.3148[1]; MSA 24.13142[2], 24.13148[1]).

2. INSURANCE — NO-FAULT — DELAY IN PAYMENT OF CLAIMS — DISPUTES OF PRIORITY AMONG INSURERS.

A dispute of priority among insurers will not excuse delay in making timely payment of insurance benefits under the no-fault act (MCL 500.3101 *et seq.*; MSA 24.13101 *et seq.*).

3. ATTORNEY AND CLIENT — FEES — REASONABLENESS.

Factors to be taken into consideration in determining the reasonableness of attorney fees are: (1) the professional standing and experience of the attorney; (2) the skill, time, and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the

nature and length of the professional relationship with the client.

4. INSURANCE — NO-FAULT — PERSONAL INJURY PROTECTION BENEFITS — PENALTY INTEREST.

All personal injury protection benefits which are overdue, i.e., not paid within thirty days after reasonable proof of the fact and the amount of loss sustained is received by the insurer, bear simple interest at the rate of twelve percent per annum; an insurer's good faith in withholding payment is irrelevant to liability under the penalty interest statute (MCL 500.3142[3]; MSA 24.13142[3]).

5. INSURANCE — NO-FAULT — JUDGMENTS — INTEREST.

Judgment interest is not calculated on amounts an injured party voluntarily accepts from a no-fault insurance carrier in settlement before judgment; judgment interest is calculated only on a sum awarded in a money judgment (MCL 600.6013[4]; MSA 27A.6013[4]).

*Ronald J. Giddy,* for plaintiff.

*Kenneth B. Breese,* for defendant.

Before: HOLBROOK, JR., P.J., and MURPHY and C. O. GRATHWOHL,* JJ.

PER CURIAM. Plaintiff, Thomas B. Bloemsma, as the next friend of Charles Thomas Bloemsma, a minor, appeals as of right a judgment entered awarding plaintiff $198 in personal injury protection benefits under the no-fault automobile insurance act, MCL 500.3101 *et seq.*; MSA 24.13101 *et seq.*, plus $386.75 in penalty interest under the act, and $51.08 in judgment interest. Plaintiff argues that the trial court abused its discretion in determining that defendant's, Auto Club Insurance Association's, delay in paying plaintiff's personal injury protection benefits was reasonable. We agree.

This case arises out of the injuries sustained by

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

Charles Bloemsma while riding his moped in Holland, Michigan, on June 12, 1985, when he was struck by an automobile driven by Kenneth Klomparens. Defendant is the no-fault automobile insurance provider for the Klomparens vehicle. The moped was uninsured, although at the time of the accident Charles was an unemancipated minor living with his parents whose vehicles, driven for both personal and business use, were covered by fleet insurance provided by Auto-Owners Insurance Company.

On June 14, 1985, defendant was notified of the accident. On July 23, 1985, plaintiff submitted an application for personal injury protection benefits to defendant. Along with the application, plaintiff submitted an accident report, an authorization for medical information, various medical statements showing medical expense claims totaling $18,598.09, and a letter from James D. Lievense, the Bloemsmas' insurance agent, stating that there was no insurance coverage for the moped and that the only coverage for the Bloemsmas' other vehicles was through a plan covering the Bloemsmas' business, Bloemsma Limited, Inc.

Defendant contended that the payments should be made by the Bloemsmas' own insurance company, Auto-Owners Insurance Company. On September 25, 1985, defendant received Auto-Owners' letter explaining that Charles was not covered under the fleet insurance policy written for Bloemsma Limited, Inc. On October 24, 1985, an attorney for defendant's legal department recommended that defendant pay plaintiff's claims.

On October 9, 1985, plaintiff filed the instant lawsuit for no-fault personal injury protection benefits and penalty interest in the circuit court. In early 1986, defendant began to pay plaintiff's medical expense claims. On February 3, 1986, defen-

dant paid plaintiff's hospital and other medical expenses totaling $22,342. Included in this payment was $650.75 for penalty interest. At the time of the December 5, 1986, trial, plaintiff's only personal injury protection benefits left unpaid were an anesthesiologist's bill and replacement services charges requested by plaintiff for transporting Charles on thirty-three visits to his physical therapist at the rate of $6 per hour. At trial, it was discovered that defendant had already paid the anesthesiologist bill.

The trial court awarded plaintiff reimbursement for taking Charles to therapy at the rate of $6 an hour for each of the thirty-three visits. The court also awarded penalty interest in the sum of $386.75. The trial court awarded judgment interest in the amount of $51.08. The trial court found that the delay in payment by defendant was reasonable. The court found the only unreasonable delay in the payment of claims was the delay in payments to Mr. Bloemsma for transportation of Charles to the physical therapist, and thus awarded attorney fees in the amount of $300.

Under the no-fault insurance act if a court finds that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment, the attorney is entitled to a reasonable fee for advising and representing a claimant in an action for personal or property protection insurance benefits which are overdue. MCL 500.3148(1); MSA 24.13148(1). MCL 500.3142(2); MSA 24.13142(2) provides that personal injury protection benefits are overdue if not paid within thirty days after an insurer receives reasonable proof of the fact and of the amount of the loss sustained.

Where benefits are not paid within the statutory period, a rebuttable presumption of unreasonable refusal or undue delay arises such that the insurer

has the burden to justify the refusal or delay. *Combs v Commercial Carriers, Inc,* 117 Mich App 67, 73; 323 NW2d 596 (1982). A refusal or delay in payment by an insurer will not be found "unreasonable" under § 3148 of the no-fault insurance act where the delay is a product of a legitimate question of statutory construction, constitutional law, or even a bona-fide factual uncertainty. *Gobler v Auto-Owners Ins Co,* 428 Mich 51, 66; 404 NW2d 199 (1987). A dispute of priority among insurers will not excuse the delay in making timely payment. *Bach v State Farm Mutual Automobile Ins Co,* 137 Mich App 128, 132; 357 NW2d 325 (1984); *Darnell v Auto-Owners Ins Co,* 142 Mich App 1, 12; 369 NW2d 243 (1985). A trial court's findings concerning a plaintiff's claim for attorney fees pursuant to § 3148 will not be disturbed on appeal unless clearly erroneous. *Cole v DAIIE,* 137 Mich App 603, 613; 357 NW2d 898 (1984).

If the insurer's conduct is determined to be unreasonable, the plaintiff is entitled to an award for reasonable attorney fees. Our Supreme Court adopted guidelines for determining "reasonableness" of attorney fees in *Wood v DAIIE,* 413 Mich 573, 588; 321 NW2d 653 (1982). The factors to be considered are: (1) the professional standing and experience of the attorney; (2) the skill, time, and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expense incurred, and (6) the nature and length of the professional relationship with the client. *Id.* An award of attorney fees will be upheld unless it appears upon appellate review that the trial court's finding on the "reasonableness" issue was an abuse of discretion. *Id.*

In the instant case, the trial court found that, except for defendant's failure to pay $198 in reimbursement for Mr. Bloemsma's services for provid-

ing transportation for Charles' visits to a physical therapist, defendant's delay in making payments was reasonable. We hold that the trial court's finding is erroneous. Although defendant argues that it's delay was justified by legitimate questions of statutory construction, the alleged ambiguity in the no-fault insurance act is essentially a dispute over priority between defendant and Auto-Owners Insurance Company, the Bloemsmas' fleet insurance carrier. Even though legitimate questions of statutory or constitutional law may justify a delayed payment of personal insurance protection benefits, a dispute of priority among insurers will not excuse the delay in making timely payments. *Bach, supra,* and *Darnell, supra.* Nor can it be said that there was a factual uncertainty in this case. The record from below does not support the assertion that plaintiff caused the delay in any form and suggests that defendant's reason for delaying payment was to prod plaintiff's attorney into withdrawing the instant lawsuit. We conclude that the trial court's finding was erroneous and should be reversed. On remand the trial court should award reasonable attorney fees to plaintiff.

Plaintiff argues that the trial court erred in awarding no-fault penalty interest in the amount of $386.75. The no-fault automobile insurance act provides that all personal injury protection benefits which are overdue—not paid within thirty days after reasonable proof of the fact and of the amount of loss sustained is received by the insurer—bear simple interest at the rate of twelve percent per annum. MCL 500.3142(3); MSA 24.13142(3). Unlike the calculation of attorney fees, an insurer's good faith in withholding payment is irrelevant to liability under the penalty interest statute. *Bach, supra,* p 132.

We agree with plaintiff that the trial court erred

in calculating defendant's liability for penalty interest under the act. On remand the trial court should recalculate the amount of penalty interest defendant owes plaintiff.

Plaintiff argues the trial court erred in awarding judgment interest in the amount of $51.08. By statute in Michigan, for complaints filed before January 1, 1987, judgment interest shall be calculated from the "date of filing the complaint to the date of satisfaction of the judgment at the rate of 12% per year compounded annually . . . ." MCL 600.6013(4); MSA 27A.6013(4). MCL 600.6013(4); MSA 27A.6013(4) specifically requires that the judgment interest be calculated on a sum awarded in a money judgment. Judgment interest is not calculated on amounts an injured party voluntarily accepts from a no-fault insurance carrier in settlement before judgment. *Darnell, supra,* pp 15-17.

We agree with plaintiff and find that the trial court erred in determining the proper amount of judgment interest to be awarded in this case. On remand the trial court should redetermine the proper amount of judgment interest to be awarded.

Reversed and remanded.