HICKS v AUTOMOBILE CLUB INSURANCE ASSOCIATION

Docket No. 123988. Submitted February 4, 1991, at Grand Rapids. Decided May 20, 1991, at 10:05 A.M.

Leone M. Hicks, who sustained an injury while alighting from a motor vehicle owned by Cecil McMillan and who was not insured under a no-fault insurance policy of her own, brought an action in the Muskegon Circuit Court, seeking personal protection insurance benefits from Automobile Club Insurance Association, her son's no-fault insurer, and Wolverine Mutual Insurance Company, McMillan's no-fault insurer. Auto Club paid benefits to the plaintiff and brought a cross-claim against Wolverine Mutual, seeking reimbursement. Following a bench trial, the court, Ronald H. Pannucci, J., after determining that the plaintiff and her son were not domiciled in the same household and that Wolverine Mutual therefore was first in priority of liability, entered judgment in favor of Auto Club for benefits it paid to the plaintiff, her attorney fees, its attorney fees, and court costs. Wolverine Mutual appealed.

The Court of Appeals held:

1. MCL 500.3114; MSA 24.13114 requires an injured person first to seek personal protection insurance benefits from the no-fault insurer of a relative domiciled in the same household before seeking benefits from the insurer of the owner of the vehicle occupied at the time of injury. The determination of domicile is a question of fact for the trial court and will not be reversed on appeal unless it is against the preponderance of the evidence. In this case, the trial court's determination that the plaintiff and her son were not domiciled in the same household was supported by a preponderance of evidence.

2. MCL 500.3148(1); MSA 24.13148(1) provides that an attorney advising and representing a claimant in an action for personal or property protection insurance benefits which are overdue is entitled to a reasonable fee if the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment. The trial court in this case erred in determining that Auto Club is entitled to attorney fees pursuant to § 3148(1). Auto Club did not advise or represent the plaintiff, and Wolverine Mutual's refusal to pay was reasonable in light of the existence of a bona fide factual uncertainty.

3. Auto Club's claim for mediation sanctions was not ad-

dressed by the trial court because it determined Auto Club to be entitled to attorney fees under § 3148(1). On remand, the trial court is to address the issue of mediation sanctions.

Affirmed in part, reversed in part, and remanded.

*Cunningham, Mulder & Breese, P.C.* (by *Gordon H. Cunningham* and *Ronald J. Vander Veen*), for Automobile Club Insurance Association.

*Dilley, Dewey & Damon, P.C.* (by *Jonathan S. Damon*), for Wolverine Mutual Insurance Company.

Before: MICHAEL J. KELLY, P.J., and DOCTOROFF and NEFF, JJ.

MICHAEL J. KELLY, P.J. This case involves application of the priority provision of the no-fault act, MCL 500.3101 *et seq.*; MSA 24.13101 *et seq.* Section 3114 of the act, MCL 500.3114; MSA 24.13114, in relevant part, requires an injured person to first seek benefits from the insurer of a relative domiciled in the same household before seeking benefits from the insurer of the owner of the vehicle occupied at the time of the injury.

In this case, plaintiff was injured while alighting from a vehicle owned by Cecil McMillan. Plaintiff, who was uninsured, filed suit against Automobile Club Insurance Association, her son's insurer, and Wolverine Mutual Insurance Company, McMillan's insurer. Auto Club then filed a cross-complaint against Wolverine Mutual, seeking reimbursement for any benefits Auto Club might eventually pay to plaintiff. The parties later entered into an agreement whereby Auto Club was to compensate plaintiff and thereafter seek reimbursement from Wolverine Mutual. Plaintiff's complaint was dismissed, and the case proceeded between Auto Club and Wolverine Mutual, with the

only issue being which insurance company had priority to pay plaintiff's claim.

Following a bench trial, the trial court ruled that plaintiff and her son, Donald Hicks, were not domiciled in the same household at the time of the injury. Judgment was entered in Auto Club's favor for $18,497.90 as follows: $13,492.88 for benefits paid to plaintiff; $1,040 for fees paid to plaintiff's attorneys; $3,861.02 for Auto Club's attorney fees; and $104 for costs. Wolverine Mutual appeals as of right, raising two issues.

The first issue presented is whether the trial court erred in finding that plaintiff and her son were not domiciled in the same household. We find no error.

The determination of domicile is a question of fact for the trial court and will not be reversed unless the evidence clearly preponderates in the opposite direction. *Dobson v Maki,* 184 Mich App 244, 253; 457 NW2d 132 (1990).

The evidence adduced at trial established that plaintiff and McMillan purchased a house which was divided into two separate units, one upstairs and one downstairs. Plaintiff and McMillan lived in the lower unit, and Donald Hicks and his family occupied the upper unit. Each unit had its own living area, sleeping quarters, kitchen, and bathroom. The units had separate entrances, post office addresses, telephone lines, and electric bills. A "formal" agreement existed between plaintiff and her son whereby Donald paid plaintiff $200 per month in rent. Applying these facts to the factors enumerated by this Court in *Dobson, supra,* p 252 (citing *Workman v DAIIE,* 404 Mich 477; 274 NW2d 373 [1979], and *Dairyland Ins Co v Auto-Owners Ins Co,* 123 Mich App 675; 333 NW2d 322 [1983]), we cannot say that the evidence clearly

preponderates opposite to the trial court's determination.

The next issue raised is whether the trial court erred in awarding Auto Club attorney fees. We agree with Wolverine Mutual and find that Auto Club was not entitled to recover its own attorney fees under the no-fault act.

Pursuant to the act, an attorney is entitled to a reasonable fee for advising and representing a claimant in an action for personal injury protection benefits which are overdue if the insurer unreasonably refuses to pay the claim or unreasonably delays in making payment. MCL 500.3148(1); MSA 24.13148(1). However, in this case, Auto Club did not advise or represent the claimant. Cf. *Darnell v Auto-Owners Ins Co,* 142 Mich App 1, 14-15; 369 NW2d 243 (1985). In any event, we do not find unreasonable Wolverine Mutual's refusal to pay, because a bona fide factual uncertainty existed. See *Bloemsma v Auto Club Ins Ass'n,* 174 Mich App 692, 697; 436 NW2d 442 (1989). Auto Club is not entitled to attorney fees under the no-fault act.

Auto Club alternatively argues that it is entitled to mediation sanctions. Because this issue was not addressed by the trial court, it having found that Auto Club was entitled to attorney fees under the no-fault act, we remand so that the trial court may address the issue.

Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.