*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ANESTHESIA SERVICES AFFILIATES,
MICHIGAN AMBULATORY SURGICAL
CENTER, and SPINE SPECIALISTS OF
MICHIGAN, PC,

UNPUBLISHED
November 21, 2019

Plaintiffs-Appellants,

v

No. 344317
Wayne Circuit Court
LC No. 17-005448-NF

CITY OF DETROIT,

Defendant-Appellee.

Before: CAMERON, P.J., and CAVANAGH and SHAPIRO, JJ.

PER CURIAM.

Plaintiffs appeal as of right an order granting defendant summary disposition in this no-fault action. We reverse and remand.

This case arises from a bus accident that occurred in Detroit, Michigan in which Amber Chaplain sustained injuries. Chaplain's domicile is at issue. Chaplain signed an affidavit of no motor vehicle insurance stating that she lived at "19698 Spencer" and testified as to the same. The house located at 19698 Spencer Street, Detroit Michigan 48234 is owned by Chaplain's aunt, Carol Chatters. Chatters testified that Chaplain did not live with her on the date of the accident. Chatters also testified that she had automobile insurance on the date of the accident.

Defendant filed a motion for summary disposition arguing that Chatters's insurer, rather than defendant, was the insurer of highest priority because Chaplain was domiciled with Chatters when the accident occurred. Plaintiffs contended that there was a question of fact on the issue and that, regardless, defendant could not assert priority as a defense against an injured party. The trial court agreed with defendant and granted its motion for summary disposition. This appeal followed.

Plaintiffs argue that there was a genuine issue of material fact on the issue of whether Chaplain was domiciled with Chatters, and that, even if defendant was not the insurer of highest

priority under the no-fault act, defendant could not assert priority as a defense. We agree that there is a genuine issue of material fact on the issue of Chaplain's domicile.

We review de novo a lower court's decision on a motion for summary disposition under MCR 2.116(C)(10). *Johnson v Recca*, 492 Mich 169, 173; 821 NW2d 520 (2012). A motion brought under MCR 2.116(C)(10) "tests the factual support of a plaintiff's claim." *Spiek v Dept of Transp*, 456 Mich 331, 337; 572 NW2d 201 (1998). The moving party must identify the matters that have no disputed factual issues, and has the initial burden of supporting its position with documentary evidence. *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). The party opposing the motion must then establish by evidentiary materials that a genuine issue of disputed fact exists. *Id*. at 362-363. After considering the documentary evidence submitted in the light most favorable to the nonmoving party, the court determines whether a genuine issue of material fact exists to warrant a trial. *Walsh v Taylor*, 263 Mich App 618, 621; 689 NW2d 506 (2004). "Courts are liberal in finding a factual dispute sufficient to withstand summary disposition." *Patrick v Turkelson*, 322 Mich App 595, 605; 913 NW2d 369 (2018) (quotation marks and citation omitted).

## I. DOMICILE

"[T]he no-fault act does not define the term 'domiciled.' " *Grange Ins Co of Mich v Lawrence*, 494 Mich 475, 492; 835 NW2d 363 (2013). "The unambiguous language of MCL 500.3114(1) simply states that 'a personal protection insurance policy . . . applies to accidental bodily injury to the person named in the policy, the person's spouse, and a relative of either domiciled in the same house-hold . . . .' " *Id*. at 492-493. Chatters unequivocally testified that she had an automobile insurance policy through Nationwide at the time of the accident. While plaintiffs argue this is not sufficient to establish that Chatters actually had insurance, plaintiffs fail to point to anything in the record to support this argument. Thus, the fact that Chatters had automobile insurance at the time of the accident was established.

"A domicile determination is generally a question of fact; however, where the underlying material facts are not in dispute, the determination of domicile is a question of law for the circuit court." *Id*. at 490. "Michigan courts have defined 'domicile' to mean the place where a person has his true, fixed, permanent home, and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Id*. at 493 (quotation marks and citation omitted). "[A] person may have only one domicile, but more than one residence." *Id*. at 494.

Michigan courts apply a "multi-factor test . . . in which no one factor is determinative" to determine domicile. *Id*. at 497. As noted in *Lawrence*, 494 Mich at 497, Michigan courts apply the factors set forth in *Workman v Detroit Auto Inter-Ins Exch*, 404 Mich 477; 274 NW2d 373 (1979), and *Dairyland Ins Co v Auto Owners Inc Co*, 123 Mich App 675; 333 NW2d 322 (1983). In *Workman*, our Supreme Court articulated four factors to be considered when determining a person's domicile:

> (1) the subjective or declared intent of the person of remaining, either permanently or for an indefinite or unlimited length of time, in the place he contends is his "domicile" or "household"; (2) the formality or informality of the relationship between the person and the members of the household; (3) whether

the place where the person lives is in the same house, within the same curtilage or upon the same premises; (4) the existence of another place of lodging by the person alleging "residence" or "domicile" in the household. [*Workman*, 404 Mich at 496-497 (internal citations omitted).]

This Court has also set forth the following factors, on the basis of *Dairyland*, to determine a person's domicile:

(1) the person's mailing address; (2) whether the person maintains possessions at the insured's home; (3) whether the insured's address appears on the person's driver's license and other documents; (4) whether a bedroom is maintained for the person at the insured's home; and (5) whether the person is dependent upon the insured for financial support or assistance. [*Williams v State Farm Mut Auto Ins Co*, 202 Mich App 491, 494-495; 509 NW2d 821 (1993), citing *Dobson v Maki*, 184 Mich App 244, 252; 457 NW2d 132 (1990), and *Dairyland*, 123 Mich App at 682.]

In regard to the first *Workman* factor, the subjective or declared intent of the person to remain at the home she contends to be her domicile or household, Chaplain testified that at the time of the accident she lived with Chatters. However, Chaplain also testified that she stayed overnight at her boyfriend's house during this time period. Thus, it is not clear whether Chaplain's intent was to remain at Chatters's home.

The second *Workman* factor, which considers the formality of the relationship between the person and other members of the household, is inconclusive. Chatters is Chaplain's aunt and the two had a personal relationship. However, neither Chatters's nor Chaplain's testimony suggest that there was any sort of formal arrangement in regards to Chaplain living at the Spencer Street house. For example, there was no evidence that Chaplain paid Chatters rent.

The third *Workman* factor, whether the place where the person lives is in the same house, within the same curtilage or upon the same premises, did not weigh for or against a finding that Chaplain was domiciled with Chatters because there was conflicting evidence regarding Chaplain's residence. Chaplain testified that she lived with Chatters at 19698 Spencer. Chaplain also provided the Spencer Street address on her affidavit of no motor vehicle insurance and identification card. However, Chatters testified that Chaplain did not live with her at the Spencer Street address at the time of the accident. Chatters further testified that Chaplain moved out of the Spencer Street house after the death of Chaplain's grandmother in 2015. Chatters believed that Chaplain lived with her friend, Crystal Jones, at the time of the accident. Thus, there is conflicting evidence regarding Chaplain's residence at the time of the accident.

The fourth *Workman* factor, the existence of another place of lodging by the person alleging residence or domicile in the household, also did not weigh for or against a finding that Chaplain was domiciled with Chatters because there was evidence presented that Chaplain had other places of lodging. Chaplain testified that she "went back and forth" between her boyfriend's house and the Spencer Street house around the time of the accident. Chatters testified that Chaplain lived with Jones at the time of the accident. Thus, there is evidence that Chaplain had one or two other places of lodging in addition to Chatters's home.

The first *Dairyland* factor, a person's mailing address, supports the conclusion that Chaplain was domiciled with Chatters. Chatters testified that Chaplain received mail at the Spencer Street house. The second *Dairyland* factor, whether the person maintains possessions at the insured's home, also supports the conclusion that Chaplain was domiciled with Chatters. Chatters testified that Chaplain kept some personal items in a bedroom at the Spencer Street home. The third *Dairyland* factor, whether the insured's address is listed on the individual's driver's license and other documents, further supports the conclusion that Chaplain was domiciled with Chatters. Chaplain's state identification card listed the Spencer Street address.

The fourth *Dairyland* factor, whether a bedroom is maintained for the person at the insured's home, is inconclusive. Chatters testified that the Spencer Street house had two guest rooms and that most guests stayed in a different room than the bedroom Chaplain used. However, Chaplain's sister also stayed in the guest bedroom Chaplain used when she visited Chatters. Thus, it is not clear whether a bedroom was maintained for Chaplain at the Spencer Street home or whether Chaplain simply stayed in the same guest room whenever she stayed at the home. The fifth *Dairyland* factor, whether the person is dependent upon the insured for financial support or assistance, weighs against finding that Chaplain was domiciled with Chatters. There is no evidence that Chaplain was dependent on Chatters for financial support or assistance.

Accordingly, some of the factors support the trial court's determination that Chaplain was domiciled with Chatters at the time of the accident while others do not. Therefore, there is a genuine issue of material fact as to whether Chaplain was domiciled with Chatters at the time of the accident; this is particularly true because domicile is a question of fact for the jury when the underlying facts are in dispute. See *Lawrence*, 494 Mich at 490.

## II. PRIORITY DEFENSE

As there is a question of fact regarding Chaplain's domicile, this Court need not address plaintiffs' argument regarding defendant's ability to assert a priority defense. However, we note and reject plaintiffs' argument that, even if defendant is not the highest priority insurer under the act, it cannot raise priority as a defense against plaintiffs because Chaplain could not now file a claim for no-fault benefits with Chatters's insurance company. Plaintiffs are correct that, under MCL 500.3145(1), claims for no-fault benefits must be filed within one year of the date of the accident. But plaintiffs' interpretation of the no-fault act would defeat the purpose of the priority provision. According to plaintiffs' interpretation, a plaintiff could file a claim for no-fault benefits against any insurer no matter where they fall in order of priority and, if one year has passed, require that insurer to provide no-fault benefits to the plaintiff even though the insurer was never first in order of priority. This is untenable.

And plaintiffs have provided no persuasive authority to convince us otherwise. Instead, plaintiffs rely on *Borgess Med Ctr v Resto*, 273 Mich App 558; 730 NW2d 738 (2007), opinion vacated and judgment aff'd 482 Mich 946 (2008). But our Supreme Court vacated that opinion and stated that it was affirming "the judgment of the Court of Appeals for the reasons stated in the concurring opinion." *Borgess Med Ctr*, 482 Mich at 946. The concurring opinion stated:

> I write separately simply to state that I do not rely on a statutory distinction between "a person suffering accidental bodily injury" and a claimant under MCL

-4-

500.3114(4). Defendant indisputably insured the owner of the occupied vehicle, and no insurer in a higher priority was identified. [*Borgess Med Ctr*, 273 Mich App at 585 (WHITE, J., concurring).]

It is not clear whether our Supreme Court affirmed the judgment on the basis of the first or second line of the concurring opinion, or both. What is clear, however, is that the court vacated the majority opinion, meaning plaintiffs cannot rely on it as precedential. See *Straman v Lewis*, 220 Mich App 448, 451-452; 559 NW2d 405 (1996).

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Thomas C. Cameron
/s/ Mark J. Cavanagh
/s/ Douglas B. Shapiro